IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIA E. M. ROCKMORE | : | CIVIL ACTION NO. 1:10-2652 |
| Plaintiff, | : | |
| | : | (KANE, C.J.) |
| v. | : | (MANNION, M.J.) |
| | : | |
| HARRISBURG PROPERTY SERVICE, | : | |
| HARRISTOWN DEVELOPMENT CORP., | : | |
| and HARRISTOWN HILTON TOWERS, | : | |
| Defendants | : | |

**DEFENDANTS', HARRISBURG PROPERTY SERVICE, HARRISTOWN DEVELOPMENT CORP. AND HARRISTOWN HILTON TOWERS, OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MALACHY E. MANNION**

AND NOW, COME, Defendants, Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers, by and through their attorneys, Latsha Davis & McKenna, P.C., and file the following Objections to the Report and Recommendation of Magistrate Judge Malachy E. Mannion, and in support thereof aver as follows:

1. On April 1, 2011, Defendants' filed two motions to dismiss; the first motion to dismiss (hereinafter referred to as "Defendants' Motion to Dismiss") was filed on behalf of Defendants Harrisburg Property Service, Harristown Development

Corp. and Harristown Hilton Towers ("Defendants")[1] and the second motion to dismiss (hereinafter referred to as "Harristown Defendants' Motion to Dismiss") was filed on behalf of Defendants Harristown Development Corp. and Harristown Hilton Towers.

2. On February 13, 2012, United States Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("Magistrate Judge Mannion's Report"), recommending that Defendants' Motion to Dismiss be denied and Harristown Defendants' Motion to Dismiss be granted.

3. Defendants' Motion to Dismiss was based on Plaintiff failing to file her complaint within 90 days of receipt of her right-to-sue letter.

4. Magistrate Judge Mannion's Report found that Plaintiff, Angelia E. M. Rockmore ("Plaintiff") made an equitable tolling argument in her reply to Defendants' Motion to Dismiss.

5. Defendants object to Magistrate Judge Mannion's conclusion that a ruling on Defendants' Motion to Dismiss is premature because the equitable tolling doctrine raises various questions of material fact and any determination of the merits of that defense would be premature in the motion to dismiss context.

6. There is sufficient evidence in the record to find that Plaintiff is not entitled to equitable tolling.

---

[1] Plaintiff incorrectly identifies the Defendants throughout her Complaint and Brief.  Plaintiff refers to Harristown Hilton Towers and Harristown Property Service, but no such entities exist.  Defendants anticipate that Plaintiff is referring to Hilton Harrisburg and Harrisburg Property Services, Inc.

7. Courts have held that equitable tolling may be appropriate when a plaintiff's attorney acted egregiously in failing to file a complaint on plaintiff's behalf and a plaintiff acted extremely diligently in pursuing her claim.

8. Additionally, case law is clear that courts may not rely on lack of prejudice as a determinative factor in deciding whether equitable tolling should apply.

9. Plaintiff is not entitled to equitable tolling because her attorney did not act egregiously in failing to file a complaint on her behalf; Plaintiff's attorney told her that her claim had no merit and that filing a complaint on her behalf would subject him to sanctions.[2]

10. Additionally, Plaintiff did not act diligently in pursuing her claims because she did not contact her attorney until after the 90-day filing period expired and she did not contact other attorneys to file the complaint on her behalf.

11. Moreover, Defendants have been prejudiced by Plaintiff's untimely filing because more than four years have passed since the claims in Plaintiff's complaint allegedly occurred which has caused Defendants to experience employee turnover, fading memories of employees and possible loss of witnesses.

12. Magistrate Judge Mannion's Report relies heavily on the facts and legal conclusions in the case of Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999), but the present case is significantly distinguishable from Seitzinger.

---

[2] Moreover, Plaintiff has recourse in terms of a legal malpractice claim if her attorney did fail to fulfill his obligation to her. It is far more equitable to permit Plaintiff to pursue that claim than to hold Defendants in a case that was so untimely filed and where Defendants did not engage in any misconduct or otherwise contribute to the delay.

13. Defendants also object to the conclusion that any ruling on whether the plaintiff's claims are time-barred is premature because there is a lack of evidence in the record.

14. When a plaintiff dual files a charge with the PHRC and the EEOC, courts apply the EEOC's 300-day period when determining which claims were timely filed.

15. A plaintiff must submit a charge within 300 days of the challenged employment action. 42 U.S.C. §2000e-5(e)(1).

16. If a plaintiff fails to file a discrimination charge within the applicable 300-day statutory period, her claims in federal court are time-barred.

17. Plaintiff references allegations and claims dating back to June 2006, far in excess of the 300-day statutory period, regardless of the exact date the administrative charges were filed in 2009.

18. Accordingly, there is sufficient evidence of record for this Court to find and issue and order that any of Plaintiff's claims that occurred more than 300 days prior to the filing date of her administrative charges are time-barred.

19. Defendants object to Magistrate Judge Mannion's Report and Recommendation for the reasons above and as more fully set forth in the Brief that is being filed concurrently herewith.

WHEREFORE, Defendants, Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers respectfully request this Honorable Court reject Magistrate Judge Mannion's Report and Recommendation and grant Defendants' Motion to Dismiss.

          Respectfully submitted,

          LATSHA DAVIS & MCKENNA, P.C.

Dated:  February 27, 2012      By:    /s/ Angela L. Thomas
          Attorney I.D. No. 67810
          1700 Bent Creek Boulevard, Suite 140
          Mechanicsburg, PA  17050
          (717) 620-2424
          (717) 620-2444 (fax)
          athomas@ldylaw.com

          Attorneys for Defendants,
          Harrisburg Property Service,
          Harristown Development Corp., and
          Harristown Hilton Towers

## CERTIFICATION OF SERVICE

I, Angela L. Thomas, hereby certify that, on the 27th day of February, 2012, I served by first class mail, a true and correct copy of the hereby Defendants', Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers Objections to the Report and Recommendation of Magistrate Judge Malachy E. Mannion in the above-captioned matter on the following:

> Angelia E. M. Rockmore
> 226 Woodbine Street, Apt. #1
> Harrisburg, PA 17110
> (Plaintiff)
>
> Malachy E. Mannion
> United States Magistrate Judge
> Max Rosenn U.S. Courthouse
> 197 South Main Street
> Wilkes-Barre, PA 18701

>                       /s/ Angela L. Thomas
>                       Angela L. Thomas