IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIA E. M. ROCKMORE | : | CIVIL ACTION NO. 1:10-2652 |
| Plaintiff, | : | |
| | : | (KANE, C.J.) |
| v. | : | (MANNION, M.J.) |
| | : | |
| HARRISBURG PROPERTY SERVICE, | : | |
| HARRISTOWN DEVELOPMENT CORP., | : | |
| and HARRISTOWN HILTON TOWERS, | : | |
| Defendants | : | |

**BRIEF OF DEFENDANTS', HARRISBURG PROPERTY SERVICE, HARRISTOWN DEVELOPMENT CORP. AND HARRISTOWN HILTON TOWERS, IN SUPPORT OF OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MALACHY E. MANNION**

I.  BACKGROUND

Defendants, Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers filed two motions to dismiss on April 1, 2011. The first motion to dismiss (hereinafter referred to as "Defendants' Motion to Dismiss") was filed on behalf of Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers ("Defendants") and the second motion to dismiss (hereinafter referred to as "Harristown Defendants' Motion to Dismiss") was filed on

behalf of Harristown Development Corp. and Harristown Hilton Towers ("Harristown Defendants").[1]

On February 13, 2012, United States Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("Magistrate Judge Mannion's Report"), denying Defendants' Motion to Dismiss and granting Harristown Defendants' Motion to Dismiss.

Defendants object to Magistrate Judge Mannion's Report denying their Motion to Dismiss and submit this brief in support of their objection.

## II.   STATEMENT OF THE FACTS

Plaintiff filed an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff's charge alleged that she was subjected to sexual harassment, religious discrimination and retaliation.

Pursuant to Plaintiff's request, on June 3, 2010, the EEOC issued a Notice of Right to Sue ("right-to-sue letter") to Plaintiff. The letter stated that Plaintiff had 90 days to file a lawsuit under Title VII, the Americans with Disabilities Act ("ADA") or the Genetic Information Nondiscrimination Act ("GINA"), or her right to sue based on the charge would be lost.

Plaintiff admittedly received a copy of the right-to-sue letter on June 3, 2010; she admits this in her Brief in Opposition to Defendants' Motion to Dismiss. Plaintiff filed

---

[1] Plaintiff incorrectly identifies the Defendants throughout her Complaint and Brief. Plaintiff refers to Harristown Hilton Towers and Harristown Property Service, but no such entities exist. Defendants anticipate that Plaintiff is referring to Hilton Harrisburg and Harrisburg Property Services, Inc.

115483v1

2

the instant Complaint on December 28, 2010, 177 days after she received the right-to-sue letter.

### III. STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a de novo review of the contested portions of the report, Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its de novo review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. See 28 U.S.C. § 636(b)(1); Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is de novo, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. See United States v. Raddatz, 447 U.S. 667, 675-76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7; Ball v. United States Parole Comm'n, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. See Thomas v. Arn, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. See Cruz v. Chater, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

IV.   **ARGUMENT**

 A.   **Plaintiff is not entitled to equitable tolling for her failure to file a complaint within 90 days of receipt of the right-to-sue letter and her complaint should be dismissed as untimely.**

Defendants object to Magistrate Judge Mannion's conclusion that Defendants' Motion to Dismiss should be denied; Plaintiff is not entitled to equitable tolling.

 The law is clear that courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances.  Id. at 240.  Although the Supreme Court has recognized the equitable tolling doctrine, it also has cautioned that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984).  The Third Circuit has emphasized the importance of adhering to the Equal Employment Opportunity Commission's ("EEOC") 90 day filing period, holding that "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day."  Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986).

The usual rule is that attorney errors will be attributed to their clients.  United States v. Boyle, 469 U.S. 241, 252 (1985).  Nonetheless, some courts have found it appropriate to toll the statute of limitations in cases of attorney mistake where the plaintiff had been diligent in pursuing a claim, the attorney mistake was egregious and

the defendant suffered no prejudice.  Irwin v. Dep't of Veteran Affairs, 498 U.S. 89 (1990).

Magistrate Judge Mannion's Report concluded that a ruling on Defendants' Motion to Dismiss is premature because the equitable tolling doctrine raises various questions of material fact and any determination of the merits of that defense would be premature in the motion to dismiss context.  However, the conclusion is flawed because there is sufficient evidence in the record to find that Plaintiff is not entitled to equitable tolling.  Further, in making this determination, Magistrate Judge Mannion relied heavily on the facts and legal conclusions in the Seitzinger case and it is significantly distinguishable from the present case.

In Seitzinger, the court found that equitable tolling applied where the plaintiff's attorney filed plaintiff's complaint one day after the EEOC's 90 day limitations period had expired.  The court's rationale was threefold:  (1) the plaintiff's attorney acted egregiously by affirmatively lying to his client about when the complaint was filed; (2) plaintiff was extremely diligent in pursuing her claim because she called her attorney "repeatedly" prior to the expiration of the 90 day limitations period to request copies of the complaint and contacted fifteen different attorneys in an attempt to reinstate the suit; and (3) the defendants could not claim prejudice as a result of a complaint filed only one day late.

In the present case, Plaintiff's attorney did not act egregiously in failing to file Plaintiff's complaint.  Plaintiff's brief in response to Defendants' Motion to Dismiss included a copy of a letter from Plaintiff's attorney to Plaintiff, dated November 24,

2010.  In the letter, Plaintiff's attorney stated that Plaintiff did not have a basis for filing a complaint because she had no damages and that filing a complaint on her behalf would lead to sanctions.  The letter further stated that Plaintiff's attorney had prior discussions with Plaintiff regarding these issues.  Thus, it is clear that Plaintiff's attorney did not act egregiously in failing to file a complaint on Plaintiff's behalf.

Further, Plaintiff was not diligent in pursuing her claim.  Plaintiff only contacted her attorney to check on the status of her complaint **after** the 90 day limitations period had expired, which she readily admits in her brief.  Moreover, Plaintiff, after being told by her attorney that her claims had no merit, did not attempt to contact other attorneys to file the complaint on her behalf.

Rather, Plaintiff decided to proceed pro se.  However, she filed her complaint more than another month after she received the letter from her attorney.  Plaintiff's complaint was filed on December 28, 2010, 177 days after she received her right-to-sue letter and 34 days after her attorney's letter.  This was a significantly longer delay than the one-day untimely filing in Seitzinger.

Additionally, Defendants have been prejudiced by Plaintiff's untimely filing.  More than four years have passed since the claims in Plaintiff's complaint allegedly occurred.  Defendants have experienced employee turnover, and Plaintiff's untimely filing has further contributed to the fading memories of Defendants' employees and possible loss of witnesses.  It is inequitable to Defendants to permit this case to proceed.

Because Plaintiff has not presented sufficiently inequitable circumstances to justify equitable tolling in this case, her failure to file a complaint within 90 days of

receipt of the right-to-sue letter must result in a dismissal of her complaint against Defendants.

**B.  Plaintiff's claims that occurred 300 days prior to the filing of her administrative charges are time-barred.**

Magistrate Judge Mannion's Report concluded that Defendants' Motion to Dismiss should be denied because any ruling on whether the plaintiff's claims are time-barred is premature where there is a lack of evidence in the record. However, there is sufficient evidence in the record for the Court to rule that any of Plaintiff's claims that occurred more than 300 days prior to the filing of her administrative charges are time-barred.

In a state such as Pennsylvania, where a state agency is authorized to grant relief for federally prohibited employment discrimination, a plaintiff must submit an EEOC charge within 300 days of the challenged employment action. 42 U.S.C. §2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). As Magistrate Judge Mannion's Report correctly states, it is undisputed that the Plaintiff dual filed her administrative charges with the EEOC and the PHRC. When a plaintiff dual files, i.e. – files a charge with the PHRC and the EEOC, courts apply the enlarged 300-day period to the complaint filed first (either the PHRC or EEOC complaint), when determining which claims were timely filed. If a plaintiff fails to file a discrimination charge within the applicable 300-day statutory period, her claim in federal court is time-barred. Mikula v. Allegheny County, 583 F.3d 181, 185-86 (3d Cir. 2009).

In the present case, regardless of the specific filing date of Plaintiff's administrative charges, there is sufficient evidence, based on the rules cited above, for this Honorable Court to issue an Order that any of Plaintiff's claims that occurred more than 300 days prior to the filing date of her administrative charges are time-barred. Plaintiff's administrative charge references allegations dating back to June 2006.  This is far in excess of the 300-day statutory period, regardless of the exact filing date of Plaintiff's administrative charge.  Thus, an order barring any claims preceding the 300-day period is appropriate.

## V. CONCLUSION

For the reasons set forth above, the Defendants, Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers respectfully request that this court reject Magistrate Judge Mannion's Report and Recommendation and enter an order granting Defendants' Motion to Dismiss.

                              Respectfully submitted,

                              LATSHA DAVIS & MCKENNA, P.C.

Dated: February 27, 2012    By:    /s/ Angela L. Thomas
                                              Attorney I.D. No. 67810
                                              1700 Bent Creek Boulevard, Suite 140
                                              Mechanicsburg, PA 17050
                                              (717) 620-2424
                                              (717) 620-2444 (fax)
                                              athomas@ldylaw.com

                                              Attorneys for Defendants,
                                              Harrisburg Property Service,
                                              Harristown Development Corp., and
                                              Harristown Hilton Towers

115483v1

## CERTIFICATION OF SERVICE

      I, Angela L. Thomas, hereby certify that, on the 27th day of February, 2012, I served by first class mail, a true and correct copy of the hereby Defendants', Harrisburg Property Service, Harristown Development Corp. and Harristown Hilton Towers, Brief in Support of Objections to the Report and Recommendation of Magistrate Judge Malachy E. Mannion in the above-captioned matter on the following:

> Angelia E. M. Rockmore
> 226 Woodbine Street, Apt. #1
> Harrisburg, PA 17110
> (Plaintiff)
>
> Malachy E. Mannion
> United States Magistrate Judge
> Max Rosenn U.S. Courthouse
> 197 South Main Street
> Wilkes-Barre, PA 18701

                                                   /s/ Angela L. Thomas
                                                   Angela L. Thomas