**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELIA E. M. ROCKMORE,  Plaintiff | : : : | No. 1:10-cv-2652 |
| v. | : : | (Chief Judge Kane) |
| HARRISBURG PROPERTY SERVICE; HARRISTOWN DEVELOPMENT CORP.; and HARRISTOWN HILTON TOWERS,  Defendants | : : : : : : | (Magistrate Judge Mannion) |

**MEMORANDUM**

Before the Court is Magistrate Judge Malachy E. Mannion's Report and Recommendation, recommending that Defendants Harrisburg Property Service ("HPS"), Harristown Development Corp. ("HDC"), and Harristown Hilton Towers' ("HHT") motion to dismiss (Doc. No. 7) be denied, and that Defendants HDC and HHT's motion to dismiss (Doc. No. 9) be granted. (Doc. No. 16.) Defendants filed objections to the Report and Recommendation (Doc. No. 17), and Plaintiff filed a response (Doc. No. 19). For the reasons that follow, the Court will not adopt the Report and Recommendation and will dismiss the complaint with prejudice.

**I.    BACKGROUND**

The background of this matter is set forth in more detail in Magistrate Judge Mannion's Report and Recommendation; however, the Court will briefly summarize the pertinent details.[1]

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Plaintiff Angelia E. Rockmore initiated this action by filing a complaint against her employers. (Doc. No. 1.) In her complaint, Plaintiff alleges that she has been employed by Defendants HPS, HDC, and HHT for twenty years. (Id. at 1-2.) She further alleges that for the past six years she has been discriminated against based on her gender and religion, resulting in a hostile work environment. (Id. at 2.) Plaintiff filed an administrative charge with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant HPS. On June 3, 2010, the EEOC mailed Plaintiff and her attorney a right-to-sue letter. (Id. at 7.) Plaintiff filed her complaint in this matter on December 28, 2010, asserting violations against Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). (Id.)

On February 13, 2012, Magistrate Judge Mannion issued a Report and Recommendation, in which he recommended: (1) that the Court deny Defendants HPS, HDC, and HHT's motion to dismiss; and (2) that the Court grant Defendants HDC and HHT's motion to dismiss. (Doc. No. 16.) In the first motion to dismiss, Defendants argued that the Court should dismiss Plaintiff's complaint because she filed it after the 90-day limitations period had run and because a number of the factual allegations are time-barred. (Doc. No. 8.) In the second motion, Defendants HDC and HHT argued that the complaint should be dismissed as against them because Plaintiff failed to include their names in the administrative charge dual-filed with the PHRC and EEOC. (Doc. No. 10.) Magistrate Judge Mannion recommended that the first motion be denied at this time, because issues of fact exist as to whether Plaintiff's late filing can be excused by the doctrine of equitable tolling and as to which claims would be time-barred. (Doc. No. 16 at 9, 12.) Magistrate Judge Mannion recommended, however, that the second motion be granted, because

Plaintiff failed to name Defendants HDC and HHT in her administrative charge. (Id. at 13.)

On February 27, 2012, Defendants filed objections to the Report and Recommendation (Doc. No. 17), along with a brief in support of those objections (Doc. No. 18). Defendants argue that Plaintiff is not entitled to equitable tolling and that some of her claims are time-barred. (Doc. No. 18 at 4-8.) Specifically, Defendants argue that Plaintiff should not be entitled to equitable tolling because her attorney's conduct was not so egregious as to invoke equitable tolling. Defendants also argue that Plaintiff was not diligent in ensuring that her complaint was filed on time, and that there was a significant delay after the 90-day period before Plaintiff filed her complaint. (Id. at 4-6.) Defendants further argue that there is sufficient evidence for the Court to conclude that some of Plaintiff's claims accrued more than 300 days prior to the filing of her administrative charges and are thus time-barred. (Id. at 6-8.)

In response, Plaintiff filed a letter with the Court, which the Court construes as a brief in opposition to Defendants' objections, detailing Plaintiff's interactions with her attorney. (Doc. No. 19.) For the purpose of this motion, the Court will assume the truth of all of Plaintiff's assertions. Plaintiff asserts that she inquired about her case on August 19, 2010, and her attorney's paralegal told her not to worry and that her complaint would be filed. (Id. at 12.) She further asserts that her attorney contacted her on August 31, 2010, and informed her that her 90-day limitation period would expire the next day, and that he hadn't filed her complaint because he understood that she was offered a promotion. (Id. at 12-13.) When Plaintiff informed her attorney that she still wanted to file her complaint, she alleges that he told her that he would file it. (Id. at 13.) Plaintiff alleges that she next contacted her attorney on September 24, 2010, because she had not yet received the paperwork that her attorney told her he would send.

3

Plaintiff alleges that her attorney's paralegal informed her that her complaint had not yet been filed but that she should not worry because her 90-day limitation period would not expire until later that month, and that she would receive a letter informing her of the status of her case. (Id.) On November 23, 2010, Plaintiff alleges that she contacted her attorney again, and that after speaking with him briefly on his cell phone, she called his office and his paralegal told her that her complaint had not been filed. (Id.) On November 29, 2010, Plaintiff received a letter from her attorney, informing her that he had no basis to file a complaint because Plaintiff was offered a promotion and explaining that his firm's notes indicate that someone from the firm had called Plaintiff to discuss the issue with her. (Id. at 14-15.) Plaintiff attached documents to her brief that show that she filed a complaint against her attorney with the Disciplinary Board of the Supreme Court of Pennsylvania and that she wrote to the EEOC on December 2, 2010, asking it to extend the 90-day limitation period. (Id. at 16, 24.)

## II. STANDARD OF REVIEW

### A. Report and Recommendation

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

### B. Motion to Dismiss

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to

dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**III.   DISCUSSION**

To maintain a claim under Title VII, a plaintiff must commence a lawsuit in a court of competent jurisdiction within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000c-5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has construed this

requirement strictly.  See Mosel v. Hills Dept. Store, Inc., 789 F.2d 251, 252 (3d Cir. 1986) (affirming dismissal of complaint brought 91 days after plaintiff's counsel received right to sue letter).  In the absence of evidence to the contrary, courts will presume that a party receives a right to sue letter within three days of its mailing.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).

      Here, Plaintiff filed her complaint on December 28, 2010 – 177 days after the EEOC mailed her the right-to-sue letter.  Plaintiff does not dispute that she filed her complaint outside of the 90-day period.  Rather, she argues that her late filing was caused by her attorney's neglect and communication failures.  (Doc. No. 13 at 3.)  Magistrate Judge Mannion found that Plaintiff appeared to be arguing that equitable tolling applies because her attorney misled her.  (Doc. No. 16 at 7.)

      Under the equitable tolling doctrine, "plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  Seitzinger, 165 F.3d at 240.  The United States Supreme Court has recognized that equitable tolling is warranted where a plaintiff did not receive adequate notice of his or her right to sue, where a motion for appointment of counsel is pending, or where the court misled the plaintiff as to what was required of him or her.  Id. (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)).  Furthermore, the Third Circuit has expressed a willingness to invoke the doctrine where the defendant actively misled the plaintiff; when the plaintiff was prevented from asserting his or her rights "in some extraordinary way;" or when the plaintiff timely asserted his or her rights in the wrong forum.  Id. (collecting cases). While attorney errors are typically attributed to their clients, some courts have found that tolling

the statute of limitations can be warranted in cases of attorney mistake. Id. (citing United States v. Boyle, 469 U.S. 241, 252 (1985); Link v. Wabash, 370 U.S. 626, 633 (1962); Cantrell v. Knoxville Cmty. Dev. Corp., 60 F.3d 1177, 1180 (6th Cir. 1995)). In Seitzinger, the Third Circuit recognized that tolling is warranted in certain cases of gross attorney error, where the client is diligent, and where the prejudice to the defendant is insignificant; however, equitable tolling is unwarranted where the attorney's behavior amounts to "garden variety neglect." Id. at 240-41 (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). In that case, the Third Circuit held that there were sufficient issues of fact to allow a fact finder to hold that the doctrine of equitable tolling could be invoked, because: (1) the plaintiff's attorney had directly lied to her, telling her that he had filed her complaint; and (2) the plaintiff was diligent in filing her complaint after she learned that her attorney had not done so. Id. at 242.

In his Report and Recommendation, Magistrate Judge Mannion found that a ruling on the equitable tolling argument is premature, as it raises questions of material fact. (Doc. No. 9.) The Court disagrees. Plaintiff's brief in response to Defendants' objections raises questions about the propriety of her attorney's conduct; however, her allegations are not sufficient to invoke the doctrine of equitable tolling. Plaintiff alleges that her attorney informed her that he would file her complaint, but unlike the attorney in Seitzinger, Plaintiff never alleges that her attorney directly lied to her and told her that he did file her complaint. Further, unlike the Plaintiff in Seitzinger, Plaintiff was not diligent in ensuring that her complaint was filed on time. The plaintiff in Seitzinger consulted with ten to fifteen attorneys to determine whether her dismissed case could be reinstated, and managed to file her complaint only one or two days after the filing deadline, after her attorney abandoned her case. 165 F.3d at 241 n.2. Instead, here, when

Plaintiff's attorney contacted her on August 31, 2010, and informed her that her limitation period would expire on September 1, 2010, she waited several weeks until she contacted her attorney again on September 24, 2010. When Plaintiff's attorney's paralegal informed her that her complaint had still not been filed, she waited almost two more months, until November 23, 2010, to contact her attorney again. Thereafter, upon discovering that her attorney had still not filed her complaint, Plaintiff did not file her complaint until December 28, 2010, almost 90 days after her initial 90-day period had expired, and one full month after her attorney informed her that he would not file a complaint on her behalf. Thus, Plaintiff did not exercise the diligence necessary for equitable tolling to apply.

Because Plaintiff's attorney's conduct does not rise to the level of gross misconduct discussed by the Third Circuit in Seitzinger, and because Plaintiff was not sufficiently diligent in assuring that her complaint was filed on time, the Court finds that application of the equitable tolling doctrine would be unwarranted in this case. See Baldwin Cnty. Welcome Ctr., 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Accordingly, the Court declines to adopt this portion of the Report and Recommendation and will grant Defendants' first motion to dismiss.

**IV.   CONCLUSION**

For the reasons set forth above, the Court will not adopt Magistrate Judge Mannion's Report and Recommendation. The Court will dismiss Plaintiff's complaint with prejudice because any attempt by Plaintiff to amend her time-barred complaint would be futile. Because the Court will dismiss the complaint with prejudice, the Court need not address the remaining

objections and grounds for dismissal. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIA E. M. ROCKMORE, | : | |
|     Plaintiff | : | No. 1:10-cv-2652 |
| | : | |
| v. | : | |
| | : | (Chief Judge Kane) |
| HARRISBURG PROPERTY | : | |
| SERVICE; HARRISTOWN | : | |
| DEVELOPMENT CORP.; and | : | (Magistrate Judge Mannion) |
| HARRISTOWN HILTON TOWERS, | : | |
|     Defendants | : | |

## ORDER

**NOW**, on this 20th day of March 2012, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 16) is **NOT ADOPTED**, Defendants' first motion to dismiss (Doc. No. 7) is **GRANTED,** Defendants HDC and HHT's second motion to dismiss (Doc. No. 9) is **DENIED AS MOOT**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close the case.

                                                       s/ Yvette Kane
                                                       Yvette Kane, Chief Judge
                                                       United States District Court
                                                       Middle District of Pennsylvania